IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JACQUELINE JAMES,

           Plaintiff,

v.                                   CIVIL ACTION NO.  ED CV 09-00695 JRG  (SHx)

CARDINAL HEALTH 200 INC,, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Attorney's Fees [Docket 17] and the plaintiff's Application for Costs [Docket 16]. For the reasons discussed below, the court awards attorney's fees in the amount of $44,362.50 and costs in the amount of $506.50.

**I.  Background**

The plaintiff filed the instant action in the Superior Court of the State of California for Riverside County on March 9, 2009. On April 9, 2009, the defendant removed the action to the United States District Court for the Central District of California on the grounds of diversity of citizenship. The plaintiff accepted the defendant's offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. On June 29, 2010, the court entered judgment for the plaintiff in the amount of $33,001.00. The judgment order stated that the plaintiff "shall also have and recover . . . costs and reasonable attorney's fees." The plaintiff then filed an Application for Costs in the amount of $506.50 [Docket 16] and a Motion requesting attorneys' fees in the amount of $66,045 [Docket 17]. The defendant responded to the Motion, and contends that the plaintiff is only entitled

to $23,443 in attorneys' fees. The defendant has not challenged the plaintiff's Application for Costs.

## II.     Legal Standard

A federal court in California sitting in diversity applies "California substantive law to determine whether a prevailing party is entitled to attorneys' fees." *Kobos v. Schwan's Home Service*, No. 09-865, 2010 WL 3943609, at * 3 (E. D. Cal. Oct. 4, 2010). The California Fair Employment and Housing Act ("FEHA") authorizes a court to "award the prevailing party reasonable attorney's fees and costs." Cal. Gov. Code § 12965 (b). "A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party." *Delta Air Lines, Inc., v. August*, 450 U.S. 346, 363 (1981). In awarding attorneys' fees under FEHA, courts in California have adopted the rule that "a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances would render the award unjust. . . ." *Chavez v. City of Los Angeles*, 224 P.3d 41, 50 (Cal. 2010).

Courts in California compute appropriate attorneys' fees in FEHA cases "based on the lodestar adjustment method as set forth in *Serrano v. Priest,* 569 P.2d 1303 (Cal. 1977)." *Chavez*, 224 P.3d at 51. Using the lodestar method, "the trial court first determines a touchstone or lodestar figure based on a careful compilation of the time spent by, and the reasonable hourly compensation for, each attorney, and the resulting dollar amount is then adjusted upward or downward by taking various relevant factors into account." *Id.* These factors include the novelty and difficulty of the questions involved, and the skill displayed in presenting them, the extent to which the nature of the litigation precluded other employment by the attorneys, and the contingent nature of the fee award involved. *See Press v. Lucky Stores, Inc.*, 667 P.2d 704, 710 (Cal. 1983) (quoting *Serrano v. Priest*, 669 P.2d 1303, 1316 (Cal. 1977)).

**III.     Discussion**

The plaintiff asserts that she is entitled to $66,045 in attorneys' fees based on a lodestar figure of $55,037.50 and a lodestar multiplier of 1.2. The plaintiff calculates this lodestar figure based on hourly rates of $375 and $500 for Ms. Zeif and Mr. Gould respectively, multiplied by the 142.1 hours that the attorneys claim to have expended on this case. The defendant challenges both the lodestar figure and the application of a lodestar multiplier in this case and asserts that the plaintiff is only entitled to recover $23,443 in attorneys' fees. The defendant contends that Ms. Zeif, as an associate with "less than four years of experience," is not entitled to an hourly rate of $375. The defendant also contends that the number of hours submitted by the plaintiff is excessive.

**A.     Reasonable Hourly Rates**

"Generally, the reasonable hourly rate used for the lodestar calculation is that prevailing in the community for similar work." *Ctr. for Biological Diversity v. County of San Bernardino*, 115 Cal. Rptr. 3d 762, 772 (Cal. Ct. App. 2010) (internal quotations omitted). In assessing a "reasonable" value for an attorney's services, courts in California look to fee awards in similar actions and the prevailing billing rates of comparable private attorneys. *Moss v. Assoc. Press*, 956 F. Supp. 891, 895-96 (C.D. Cal. 1996); *Serrano* v. *Unruh*, 652 P.2d 985, 652 P.2d at 1000 (Cal. 1982). The plaintiff submitted declarations regarding the experience and hourly billing rates for each of the attorneys. These declarations state that courts in California have previously approved of counsels' hourly rates. The plaintiff also submitted the declaration of Mr. Richard Jones, an employment and labor attorney in Santa Ana, California, which states that $375 and $500 are reasonable hourly rates for the plaintiff's attorneys. The defendant challenges Ms. Zeif's hourly rate, but does not cite any California case law or offer any evidence to support its assertion that

$230, rather than $375, is the appropriate hourly rate for Ms. Zeif's services. While my general knowledge of legal fees raises some doubt that $375 is a reasonable hourly rate for a fourth-year associate, the paucity of evidence in the record supports the plaintiff's assertion that $375 is a reasonable hourly rate for Ms. Zeif's services. Accordingly, I **FIND** that the plaintiff's proposed hourly rates of $500 for Mr. Gould and $375 for Ms. Zeif are reasonable.

### B. Hours Reasonably Spent on the Litigation

"In referring to reasonable compensation, we indicated that trial courts must carefully review attorney documentation of hours expended; padding in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001). The plaintiff asserts that counsel spent 142.1 hours on this case as evidenced by the billing records of the plaintiff's attorneys. The defendant asserts that the plaintiff is only entitled to compensation for 92.4 hours. The defendant asserts that 53 of the plaintiff's 159 time entries are either inefficient and duplicative or for time incurred by the plaintiff's counsel after the offer of judgment.

The defendant first asserts that the plaintiff is not entitled to recover fees for the 16.7 hours that plaintiff's counsel expended on this litigation *after* the offer of judgment because the offer of judgment only included the plaintiff's reasonable costs and fees incurred *before* April 13, 2010, the date the plaintiff received the offer. The defendant does not, as the plaintiff asserts, rely on the cost-shifting provision of Rule 68(d), but relies instead on Rule 68(a) which provides, in pertinent part, that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*." Fed. R. Civ. P. 68(a) (emphasis added). The defendant's Rule 68 offer explicitly provided for "reasonable attorney's fees and cost accrued before the date of this offer." (Pl.'s Request for Entry of Judgment, at 7.) Both the plain

meaning of Rule 68(a) and the clear language of the Offer of Judgment support the defendant's assertion that the plaintiff is only entitled to attorneys' fees accrued before the plaintiff received the Offer of Judgement.  Accordingly, I **FIND** that the plaintiff may not recover attorney fees for the 16.7 hours that the plaintiff's counsel expended on this matter after April 13, 2010.

Regarding the remaining 125.4 hours expended on this ligation *before* April 13, 2010, the defendant challenges 33 of these hours as duplicative or excessive.  As the party requesting attorneys' fees, the plaintiff bears the burden of "submitting detailed time records justifying the hours claimed to have been expended," which she has done. *See Kobos*, 2010 WL 3943609, at * 5 (quoting *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994). Courts in California have found that "the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." *Hosford v. Bd. of Tr. of California State Univ.*, 33 Cal. Rptr. 3d 644, 673 (Cal. Ct. App. 2005).  The plaintiff has supplied these records and, based on the time records submitted by plaintiff's counsel, the plaintiffs have justified 115.3 of the 125.4 hours claimed.  Duplicate entries and entries for time devoted to a cancelled scheduling conference are not supported by the plaintiff's records.  I **FIND** that the plaintiff may recover attorneys' fees for 115.3 hours expended on this litigation. Accordingly, I am reducing the number of compensable hours from 142.1 to 115.3 and, accordingly, reducing the lodestar figure to $44,362.50.

### C.    Appropriate Multiplier

In determining whether to apply a multiplier to the lodestar figure, "the trial court is not required to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the

party seeking a fee enhancement bears the burden of proof." *Ketchum*, 17 P.3d at 746. These "other factors" include the novelty and difficulty of the questions involved, the skill displayed in presenting them, the extent to which the nature of the litigation precluded other employment by the attorneys, and the contingent nature of the fee award." *Id.* at 741. The California Supreme Court emphasized that "when determining the appropriate enhancement, a trial court should not consider these factors to the extent they are already encompassed within the lodestar," because "[a] more difficult legal question typically requires more attorney hours, and a more skillful and experienced attorney will command a higher hourly rate." *Id.* at 746.

The plaintiff asserts that she is entitled to a lodestar multiplier of 1.2 due to the outstanding results obtained, the novelty, difficulty, and contingent nature of the case, and the experience of plaintiff's counsel. The defendant contends that the plaintiff is not entitled to a lodestar multiplier because the case was a straightforward case that required no extraordinary skill by the plaintiff's counsel and resulted in an offer of judgment rather than an "extraordinary" result.[1] The plaintiff has not established that she is entitled to a lodestar multiplier. A review of the record indicates that the case did not involve any novel or particularly complex issues. A majority of the time records submitted by the plaintiff's counsel are entries regarding correspondence or discovery matters, which included only one deposition. The court considered the qualifications and skill level of the plaintiff's counsel in determining the original lodestar figure and declines to reconsider them here.

---

[1] The defendant also cites to the recent U.S. Supreme Court case, *Perdue v. Kenny*, 130 S. Ct. 1662 (2010). As the plaintiff correctly asserts, *Perdue* is not binding on the current dispute. *Perdue* involved fee enhancement under a federal statute, while this case involves a California fee-shifting statute. I note, however, that the Supreme Court's persuasive reasoning in *Perdue*, including the "strong presumption" that a lodestar figure provides adequate compensation, provides useful guidance in considering the reasonableness of an award of attorneys' fees.

Regarding the contingent nature of this case, the plaintiff has not shown that any of the "contingency and delay" factors are applicable in this case. *See Hosford,* 33 Cal. Rptr. 3d at 675-76. Ms. Zeif stated that she had many cases ongoing simultaneously, indicating that this case did not preclude other work during an extended period or involve an excessive delay in payment. Accordingly, I **FIND** that a lodestar multiplier is not appropriate in this case.

### IV.   Conclusion

For the reasons discussed above, this court reduces the attorney's fee award to $44,362.50 and awards the plaintiff $506.50 in costs. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     November 22, 2010

Joseph R. Goodwin, Chief Judge